**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PRESTON PEARSON,

    *Petitioner*,

v.                                                                                          Civil Action No. 16-879 (RDM)

UNITED STATES OF AMERICA,

    *Respondent*.

## MEMORANDUM OPINION AND ORDER

Upon review of Pearson's *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, *see* Dkt. 1, and the United States' response, *see* Dkt. 12, the Court has determined that the petition, properly construed, falls under 28 U.S.C. § 2254. *See* Dkt. 5 at 3. Before the Court construes the petition as arising under § 2254, however, it must inform Pearson of some of the consequences that may result from this characterization and give him an opportunity to withdraw or to amend his motion. Pending Pearson's decision, which must be communicated to the Court on or before November 3, 2016, the Court will hold further proceedings in abeyance.

The Court advises Pearson of the following restrictions on claims brought under § 2254:

First, all claims brought under 28 U.S.C. § 2254 must be brought in a single motion. Before a second or successive § 2254 motion is filed in district court, the U.S. Court of Appeals for the District of Columbia Circuit must authorize the district court to consider the claim. *See* 28 U.S.C. § 2244(b)(3). More specifically, petitioner is advised that:

    (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)   (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari. . . .

28 U.S.C. § 2244(b).

Second, there is a one-year period of limitation for a writ of habeas corpus brought under § 2254. *See* 28 U.S.C. § 2244(d)(1). The limitations period is tolled while properly filing direct appeals and collateral relief petitions are pending. *See* 28 U.S.C. § 2244(d)(2). More specifically, Pearson is advised as follows:

2

>(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Pearson is advised that his application for a writ of habeas corpus under § 2254 will be subject to the restrictions of § 2244.

With these considerations in mind, Pearson may withdraw or amend his pleading on or before November 3, 2016.  If the Court does not receive Pearson's response on or before that date, the Court will treat the petition as a motion filed under 28 U.S.C. § 2254, and thus as a motion subject to the rules discussed above.  In addition, the petition would be subject to the limitation of this Court's jurisdiction as stated in the Court's Order of May 20, 2016.  *See* Dkt. 5.  The clerk is directed to mail a copy of both this Order and the Order of May, 2016, to Pearson at his address reflected in Docket 11.

If this Court treats Pearson's motion as a § 2254 motion, the Court will issue an Order directing the United States to respond to the motion within 60 days.

**SO ORDERED.**

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: October 3, 2016