# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

PRESTON PEARSON,

   *Petitioner*,

v.

J. HOLLINGSWORTH,

   *Respondent*.

Civil Action No. 16-879 (RDM)

## MEMORANDUM OPINION

  Petitioner Preston Pearson, proceeding *pro se*, filed the instant petition for a writ of habeas corpus on April 4, 2016. Dkt. 1. In a previous opinion, this Court dismissed most of his claims for lack of jurisdiction. Dkt. 5 at 1, 3. The matter is now before the Court on Petitioner's only remaining claim: ineffective assistance of appellate counsel. The Court concludes that it need not reach the merits of this claim because the petition is untimely under the Antiterrorism and Effective Death Penalty of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The Court will, accordingly, deny the petition and dismiss this case.

## I. BACKGROUND

  In April 2009, a District of Columbia Superior Court jury convicted Petitioner of "voluntary manslaughter while armed in connection with the stabbing death of John Whicker." Dkt. 26 at 13. Petitioner was sentenced to 120 months of imprisonment and five years of supervised release. *Id.* at 3. He appealed the conviction, and, while his direct appeal was pending, sought collateral relief under D.C. Code § 23-110, claiming "actual innocence, miscarriage of justice, ineffective assistance, exculpatory evidence, prosecutorial misconduct, etc." Dkt. 1 at 2; Dkt. 5 at 1. The District of Columbia Superior Court rejected both his direct

and collateral challenges to the conviction, and the Court of Appeals for the District of Columbia affirmed those judgments on December 7, 2012, in a consolidated appeal. *Id.* Petitioner then filed a motion to vacate the mandate on January 22, 2013. Dkt. 26 at 4. This, too, was denied on April 26, 2013. *Id.*

More than three years later, Petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. His petition raised the following claims: (1) denial of counsel of choice at the beginning of trial; (2) denial of an impartial jury; (3) prosecutorial misconduct; (4) suppression of potentially exculpatory evidence; and (5) ineffective assistance of counsel at trial and on direct appeal. Dkt. 5 at 2. In an opinion dated May 20, 2016, this Court dismissed all of Petitioner's claims for lack of jurisdiction except his claim of ineffective assistance of appellate counsel. *See* Dkt. 5 at 2–4 (explaining that D.C. Code § 23-110(g) bars federal courts from considering habeas petitions that assert claims that can also be brought under § 23-110(a)). The Court then informed Petitioner that it was construing his "petition as arising under [28 U.S.C.] § 2254," and held proceedings in abeyance while he "consider[ed] the consequences that may result from this characterization" and decided whether "to withdraw or to amend his motion." Dkt. 15 at 1. Petitioner eventually indicated that he "wanted to move forward with the motion." Dkt. 20. Thereafter, Respondent filed an opposition to the petition on March 13, 2018. Dkt. 26. Although the Court twice notified Petitioner of the importance of responding to the government's filing, *see* Minute Order (Mar. 14, 2018); Minute Order (May 3, 2018), and has provided him with many months to do so, Petitioner has failed to file anything in this matter since August 2017.

## II. ANALYSIS

Respondent argues that Petitioner's ineffective assistance of appellate counsel claim is time-barred. *See* Dkt. 26 at 7–10. The Court agrees. AEDPA sets forth a one-year statute of limitations for prisoners, like Petitioner, to file federal habeas petitions.[1] 28 U.S.C. § 2244(d)(1). According to the statute, the limitation period begins to run "from the latest of" four dates, only one of which is relevant here: "the date on which the judgment became final by the conclusion of direct review, or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The limitations period is tolled while the prisoner pursues state collateral review. *Id.* § 2244(d)(2). The Supreme Court has also held that, under "extraordinary circumstances," courts may apply equitable tolling if the prisoner was prevented from filing a timely petition by circumstances beyond her control and she demonstrated due diligence in pursuing her claim. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

Here, Petitioner's conviction was affirmed by the District of Columbia Court of Appeals on December 7, 2012, and became final on March 7, 2013, upon "the expiration of the time for seeking" a writ of certiorari to the U.S. Supreme Court. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (noting that a conviction becomes final when the Supreme Court "affirms [the] conviction on the merits on direct appeal or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). Nevertheless, Petitioner did not file the instant habeas petition until April 4, 2016—more than three years later. *See* Dkt. 1. Even accounting for the time tolled during collateral proceedings between January 22, 2013, when Petitioner filed his motion to recall the mandate on his § 23-110 petition, and April 26, 2013, when that motion

---

[1] Although Petitioner has now been released from the Federal Correctional Center in Fort Dix, he is still serving his term of supervised release, and, is therefore in the custody of the Bureau of Prisons. Dkt. 12 at 2 n.2.

3

was denied, Dkt. 26 at 9, it is plain that "more than one year passed between the final conviction date and the habeas filing date," *Davis v. Cross*, 825 F. Supp. 2d 200, 202 (D.D.C. 2011).  Nor is there any basis for this Court to conclude that equitable tolling is warranted.  Petitioner never explains why he waited to file his habeas petition.  And although the Court twice ordered Petitioner to reply to Respondent's opposition, *see* Minute Order (Mar. 14, 2018); Minute Order (May 3, 2018), he declined to do so.  Accordingly, the Court will decide the matter without the benefit of Plaintiff's reply and concludes that his ineffective assistance of counsel claim is untimely under 28 U.S.C. § 2244(d)(1).

## CONCLUSION

Because Petitioner's habeas petition is time-barred, the Court will **DENY** the petition and **DISMISS** this case.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  January 3, 2019